Officer James McKenzie Little Rock Police Department Southwest Patrol Division 6401 Baseline Road Little Rock, Arkansas 72209
Dear Officer McKenzie:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether certain records requested from your "personnel files" must be released pursuant to the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1996 and Supp. 1997). Specifically, you note that the records requested are those "pertaining to disciplinary actions" you have received during your tenure with the Little Rock Police Department. It is my understanding that the only records requested are those pertaining to any such disciplinary actions.
As an initial matter, it must be noted that in accordance with §25-19-105(c)(3)(A), the custodian "shall, within twenty-four (24) hours of the receipt of the request, determine whether the records are exempt from disclosure. . . ." The custodian must then make efforts to notify the requester and the subject of that decision. Id. If either the custodian, requester, or the subject of the records seeks an opinion from this office, the Attorney General "shall [within three (3) working days] issue an opinion stating whether the decision is consistent with [the FOIA]." A.C.A. § 25-19-105(c)(3)(B).
It is thus clear that the custodian must make an initial determination regarding release of the requested records, and must make an effort to relay this decision to the subject of the records. With regard to the particular request in this instance, you have not indicated what the custodian's decision was. While I am therefore unable to review that decision, as required under § 25-19-105(c)(3), opinions previously issued by this office with regard to disciplinary records offer guidance in addressing the records in question.
This office has previously opined that letters of reprimand and other disciplinary records generally fall within the "job performance records" exemption. See, e.g., Op. Att'y Gen. 96-324 and 91-324. As a general matter, employee evaluation and job performance records are closed and confidential unless the employee has been suspended or terminated, all administrative appeals from the suspension or termination are final, and there is a compelling public interest in the disclosure of the records. A.C.A. § 25-19-105(c)(1).
With regard, specifically, to any suspensions, it is my opinion that suspension records, including preliminary notes and other materials, would be considered "job performance records" and as such would be subject to disclosure if the custodian determines that final administrative resolution of a suspension has occurred, that the record(s) formed a basis for the suspension, and that there is a compelling public interest in disclosure.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to [a] suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." John Watkins, The Arkansas Freedom of Information Act
135 (2d ed. 1994). In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
The foregoing principles are those which the custodian of the records should consider in determining whether the requested records should be released (or whether they are exempt from release) as "employee evaluation or job performance records."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh